**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                        |   |                               |
|------------------------|---|-------------------------------|
| SEAN C. KIELTY,        | : | CIVIL ACTION NO. 07-5719 (MLC) |
|                        | : |                               |
|     Plaintiff,         | : | **MEMORANDUM OPINION**        |
|                        | : |                               |
|     v.                 | : |                               |
|                        | : |                               |
| ALEE RIZWAN ALI,       | : |                               |
|                        | : |                               |
|     Defendant.         | : |                               |
|                        | : |                               |

**COOPER, District Judge**

Pro se plaintiff, Sean C. Kielty, brought this action in
state court alleging claims of defamation and interference of
contract rights against Lieutenant Colonel Alee Rizwan Ali
("Ali"), plaintiff's superior officer in the United States Air
Force ("Air Force").  (Dkt. entry no. 1, Rmv. Not., Ex. 1,
Compl., at 1.)  Thereafter, Ali removed the action to this Court,
and the United States ("defendant") requested under 28 U.S.C. §
2679(d)(2) to substitute itself for Ali as defendant, asserting
that Ali acted within the scope of his employment at all relevant
times.  (Rmv. Not.)  Defendant now moves to dismiss the complaint
pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).
(Dkt. entry no. 3.)  Plaintiff opposes the motion, and cross-
moves, in effect, to remand the action to state court.  (Dkt.
entry no. 8.)  The Court determines the motion and cross motion
on briefs without an oral hearing, pursuant to Rule 78(b).  For

the reasons stated herein, the Court will (1) grant defendant's motion, (2) deny plaintiff's cross motion, and (3) dismiss the complaint.

## BACKGROUND

Plaintiff served in the Air Force for over ten years until his date of separation on July 8, 2007. (Compl., at 1-2.) Plaintiff alleges that during a three year period commencing in July 2004, Ali defamed him on multiple occasions while they were stationed at the McGuire Air Force Base on active duty service. (Id.)  Further, plaintiff asserts that Ali served in a supervisory role over plaintiff during the relevant time period. (Id. at 1.)  Plaintiff alleges that the defamatory acts (1) destroyed his ability to serve in the Air Force, causing him to prematurely retire, (2) had no valid military purpose, and (3) were in retaliation for a Uniform Code of Military Justice, Article 138 complaint filed by plaintiff against Ali in February 2005.  (Id. at 1-2.)  Plaintiff also appears to allege that Ali intentionally interfered with his rights under a bonus contract. (Id. at 1-2.)

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction because, inter alia, (1) plaintiff's claims are barred pursuant to Feres v. United States, 340 U.S. 135 (1950) ("Feres doctrine"), and (2) the Federal Tort Claims Act ("FTCA")

2

preserves sovereign immunity against the claims alleged in the complaint.  (Dkt. entry no. 3, Def. Br., at 5, 10.)   Plaintiff opposes the motion, arguing that, <u>inter alia</u>, (1) the FTCA and the <u>Feres</u> doctrine are not applicable since Ali acted outside the scope of his employment when he defamed plaintiff, and (2) the FTCA does not preserve sovereign immunity for the alleged torts. (Dkt. entry no. 8, Pl. Br., at 2.)   Plaintiff also cross-moves, in effect, to remand this action to state court.  (<u>Id.</u>)

**DISCUSSION**

**I.   Legal Standards**

    **A.   Rule 12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) at any time. Fed.R.Civ.P. 12(b)(1); <u>Iwanowa v. Ford Motor Co.</u>, 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  <u>Id.</u> at 438.  Under this standard, the Court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  <u>Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.</u>, 721 F.2d 68, 75 (3d Cir. 1983); <u>Iwanowa</u>, 67 F.Supp.2d at 438.

3

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint.  Iwanowa, 67 F.Supp.2d at 438.  Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdictional claims."  Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993).  The Court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence and satisfy itself as to the existence of its power to hear the case.  Iwanowa, 67 F.Supp.2d at 438.  The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed.  Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

**B.   28 U.S.C. § 2679(d)(2)**

**1.   Removal of Action to District Court**

The Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act") confers absolute immunity on federal employees for torts committed within the scope of their employment by making an FTCA action against the United States the

4

exclusive remedy for such torts.  28 U.S.C § 2679(b)(1); <u>United States v. Smith</u>, 499 U.S. 160, 163-64 (1991).  Therefore, if an action is brought against a federal employee in state court, the United States Attorney's Office has the authority to certify that an employee was acting within the scope of employment at the time of an incident through which a claim arose ("scope certification").  28 U.S.C. § 2679(d)(2); <u>Donio v. United States</u>, 746 F.Supp. 500, 502-03 (D.N.J. 1990).[1]

When this scope certification is submitted by the United States Attorney's Office, "any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."  28 U.S.C. § 2679(d)(2); <u>Donio</u>, 746 F.Supp. at 502-03. The scope certification "shall conclusively establish scope of office or employment for purposes of removal."  28 U.S.C. § 2679(d)(2); <u>Osborn v. Haley</u>, 127 S.Ct. 881, 894 (2007) (noting that "Congress gave district courts no authority to return cases to state courts on the ground that the [scope] certification was unwarranted" and that for purposes of removal, 28 U.S.C. § 2679(d)(2) renders scope certification "dispositive").

---

[1] "The United States Attorney General has delegated this certification authority to United States Attorneys in consultation with the Department of Justice."  <u>Melo v. Hafer</u>, 912 F.2d 628, 640 n.14 (3d Cir. 1990).

## 2.   Substitution of United States As Defendant

"[O]nce the federal forum has been secured", however, the scope certification as to the right to substitute the United States as defendant is thereafter subject to judicial review. Osborn, 127 S.Ct. at 894 (noting that 28 U.S.C. § 2679(d)(2) does not preclude district court from "resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the [scope certification] was incorrect") (emphasis in original); Melo, 912 F.2d at 641-42 (noting same).  Thus, while the "certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment", a plaintiff may challenge the scope certification.  Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir. 1992).  With any challenge, however, the plaintiff "has the burden of coming forward with specific facts rebutting [the scope certification]."  Id.

A district court may rely on pleadings, documentary evidence, affidavits, and the scope certification in ruling on a request to substitute by the Government.  Id.  If there is a genuine issue of material fact as to the scope of employment question, the Court should permit discovery and conduct a hearing, if necessary.  Id.  However, the Court "should ensure that both the discovery and the hearing are circumscribed as narrowly as possible".  Id.; Borawski v. Henderson, 265 F.Supp.2d

6

475, 482 (D.N.J. 2003) (noting that discovery as to scope of
employment issue should only occur when genuine issue of material
fact exists, because government's interest in protecting federal
employees "from the uncertain and intimidating task of defending
suits that challenge conduct within the scope of their employ"
implicated) (quotation and citation omitted).

Whether an employee's conduct was within the scope of
employment for the purposes of 28 U.S.C. § 2679(d)(2) is governed
by the law of respondeat superior of the state where the conduct
occurred.  Lacey-Echols ex rel. Lacey v. Murphy, No. 02-2281,
2003 WL 23571269, at *7 (D.N.J. Dec. 17, 2003).  Under the law of
New Jersey, the relevant state here, "scope of employment" refers
"to those acts which are so closely connected with what the
[employee] is employed to do, and so fairly and reasonably
incidental to it, that they may be regarded as methods, even
thought quite improper ones, of carrying out the objectives of
the employment."  Id. (quotation and citation omitted).

An employee is acting within the scope of the employee's
employment if the conduct (1) "is of the kind that the employee
is employed to perform", (2) "occurs substantially within the
authorized time and space limits", and (3) "is actuated, at least
in part, by a purpose to serve the [employer]."  Id. (quotation
and citations omitted).  Factors considered when assessing scope
of employment include (1) the nature of the employment, (2) the
duties of the employee, (3) whether the conduct occurred either

7

in the course of fulfilling some job-related function, or during a trip personal to the employee.  Id.

Where these criteria are satisfied, even intentional torts may be considered within the scope of employment.  See Alexander v. Riga, 208 F.3d 419, 432-33 & n.9 (3d Cir. 2000) (racial discrimination within employment scope); Donio, 746 F.Supp. at 506 (defamatory statements within employment scope); Abbamont v. Piscataway Twp. Bd. of Educ., 138 N.J. 405, 425 (1994) (retaliatory conduct within employment scope); Roth v. First Nat'l Bank of N.J., 169 N.J.Super. 280, 286 (App.Div. 1979).

If the scope certification is approved by the District Court, the action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions."  28 U.S.C. § 2679(d)(4).

    C.  The FTCA

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation and citation omitted). Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  Id. (quotation and citation omitted).  Sovereign immunity, therefore, deprives a court of

8

subject matter jurisdiction over a claim against the United
States unless a statute grants an express waiver of immunity.
Brunwasser v. United States, No. 07-385, 2008 WL 728546, at *3
(W.D. Pa. Mar. 17, 2008) (noting that "a waiver of sovereign
immunity must be unequivocally expressed in the text of the
statute and the scope of a court's inquiry shall be limited to
the plain language of the statute"); Perez v. United States, No.
06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) (noting
that "[a]bsent a specific waiver of sovereign immunity[,] the
courts lack subject matter jurisdiction over claims against the
federal government.").

        The FTCA waives sovereign immunity for claims against the
United States seeking monetary damages where the injury results
from a "negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or
employment, under circumstances where the United States, if a
private person, would be liable to the claimant".  28 U.S.C. §
1346(b)(1); Perez, 2007 WL 1489816, at *1.

        1.    FTCA Exceptions

        The FTCA has explicit exceptions to its waiver of sovereign
immunity, however, as set forth in 28 U.S.C. § 2680(a)-(n).
"Should one of the exceptions apply, then the bar of sovereign
immunity remains." Perez, 2007 WL 1489816, at *1.  One such
exception provides that the United States retains sovereign

9

immunity against "[a]ny claim arising out of . . . libel, slander, . . . or interference with contract rights".  28 U.S.C. § 2680(h).  Thus, the FTCA specifically preserves the sovereign immunity of the United States with respect to these types of claims.  See id.; Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000) (equating defamation with libel and slander, and holding that 28 U.S.C. § 2680 barred defamation claim against the United States); Borawski, 265 F.Supp.2d at 484 (granting motion to dismiss as to plaintiff's defamation and slander claims for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2680(h).)

### 2.    The Feres Doctrine

Even if a plaintiff's claims do not fall within one of the exceptions to the FTCA's waiver of sovereign immunity in 28 U.S.C. § 2680, the claims may be barred under the Feres doctrine, which provides that "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."  Feres, 340 U.S. at 146.[2]

---

[2] The "incident to military service" test under the Feres doctrine is distinct from the scope of employment inquiry under 28 U.S.C. § 2679(d).  Lutz v. Sec'y of Air Force, 944 F.2d 1477, 1488 (9th Cir. 1991) (noting that "[a]lthough the Feres doctrine's 'incident to military service' test would appear as a practical matter to encompass the scope of employment inquiry, the questions are legally distinct.")

The Feres doctrine "seems best explained by the peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the [FTCA] were allowed". United States v. Muniz, 374 U.S. 150, 162 (1963) (quotation and citation omitted). The Feres doctrine thus encompasses a broad range of claims and "cannot be reduced to a few bright-line rules". United States v. Shearer, 473 U.S. 52, 57 (1985).

"Feres should be interpreted to bar all suits on behalf of service members against the Government based upon service-related injuries." Loughney v. United States, 839 F.2d 186, 188 (3d Cir. 1988) (emphasis in original) (quotation and citation omitted). Further, "Feres prohibits any case-by-case inquiry into whether judicial review of a service member's tort claim would unduly interfere with military operations." Id. Rather, a plaintiff's FTCA claim must be barred when the injury arose out of or in the course of activity incident to the plaintiff's military service. Matreale v. N.J. Dep't of Mil. & Veteran Affairs, 487 F.3d 150, 156 (3d Cir. 2007).

No specific method exists for identifying whether an injury is incident to military service, but the Court must "examine each case in light of the statute as it has been construed in Feres and subsequent cases." Richards v. United States, 176 F.3d 652, 655 (3d Cir. 1999) (quotation and citation omitted). "[T]he

11

gravamen of the <u>Feres</u> doctrine is that the government is immune
from suit when injuries occur incident to service." <u>O'Neill v.
United States</u>, 140 F.3d 564, 565 (3d Cir. 1998). Among the
factors the Court might consider are (1) the service member's
duty status, (2) the site of the incident at the time of injury,
and (3) the nature of the activity at the time of injury.
<u>Richards</u>, 176 F.3d at 655. The Court must consider these factors
"in light of the totality of the circumstances". <u>Id.</u> "[T]hus,
the fact that any one factor weighs in favor of applying the
<u>Feres</u> doctrine is not necessarily dispositive." <u>Id.</u>

## II.  Legal Standards Applied Here

### A.  Application of 28 U.S.C. § 2679(d)(2)

#### 1.  Removal To This Court

Plaintiff challenges the removal of the action to this
Court, arguing that state court is the proper venue for this
action because Ali's conduct falls outside the scope of his
employment. (Pl. Br., at 1-2.) However, the scope certification
provided by the United States Attorney's Office here
"conclusively establish[es] scope of office or employment for
purposes of removal." 28 U.S.C. § 2679(d)(2). Thus, plaintiff
cannot challenge the scope certification insofar it pertains to
the removal of this action to this Court. <u>See id.</u> The Court
will therefore deny plaintiff's cross motion, in effect, to
remand this action to state court.

## 2.   Substitution Of United States As Defendant

Plaintiff may challenge the scope certification insofar as it pertains to whether the United States may be substituted for Ali as defendant, however, as discussed supra. Schrob, 967 F.2d at 936. However, plaintiff has not met his burden to produce "specific facts" rebutting the scope certification. Id. Specifically, plaintiff has not presented any facts raising a genuine issue of material fact as to whether Ali's conduct (1) was of the kind that he was employed to perform, (2) occurred substantially within the authorized time and space limits, and (3) was actuated, at least in part, by a purpose to serve his employer, the United States. See Murphy, 2003 WL 23571269, at *7 (quotation and citations omitted). Rather, plaintiff mistakenly asserts that "[t]he application of 28 U.S.C. § 2680 to this civil action conclusively confirms that [Ali] acted outside the scope of his federal employment" when he defamed plaintiff and interfered with plaintiff's contract rights. (Pl. Br., at 1-2.) As discussed infra, 28 U.S.C. § 2680(h) does serve to exclude plaintiff's claims here, but this inquiry is distinct from whether Ali was acting within the scope of his employment. Thus, the Court finds that the substitution of the United States as defendant here is proper.

**B.   Application Of 28 U.S.C. § 2680(h)**

Because the removal of this action to this Court and the substitution of United States as defendant is proper here, plaintiff's claims are subject to the limitations and exceptions of the FTCA.  See 28 U.S.C. § 2679(d)(4).  Plaintiff argues that 28 U.S.C. § 2680(h) expressly excludes "defamation and tortious interference of contract by a federal employee from being attributed to the sovereign".  (Pl. Br., at 1-2.)  The exceptions contained in 28 U.S.C. § 2680(h), however, provide that the United States preserves, rather than waives, its immunity for certain intentional torts, including defamation and interference with contract rights.  See 28 U.S.C. § 2680(h); Brumfield, 232 F.3d at 382.  Thus, defendant is immune from plaintiff's claims of defamation and interference with contract rights under 28 U.S.C. § 2680(h).  See 28 U.S.C. § 2680(h); Brumfield, 232 F.3d at 382.

**C.   Application Of Feres Doctrine**

The Court finds that, even if plaintiff's claims do not fall within the exception of 28 U.S.C. § 2680(h), the Feres doctrine prevents this Court from asserting subject matter jurisdiction. Plaintiff asserts that the "incidents of defamation occurred over the 3-year period during which [Ali] directly and indirectly supervised plaintiff at McGuire Air Force Base".  (Compl., at 1.) Plaintiff further asserts that the defamation occurred "in the

14

context of service to the United States Air Force" and in the form of "military e-mail, official statements, and performance reports".  (Id. at 1-2.)  At the time of the alleged incidents of defamation, Ali "was an officer of superior rank to the plaintiff . . . and as such wielded tremendous military power over the plaintiff's life and liberty."  (Id. at 2.)  From the time at which the alleged injury commenced until plaintiff's date of separation, plaintiff asserts that he was not outside of Ali's chain of command.  (Id.)  Plaintiff also asserts that Ali interfered with his contract rights under his bonus contract. (Id. at 1.)

The complaint thus indicates that, inter alia, at the time of plaintiff's alleged injuries, (1) both Ali and plaintiff were on active duty status, (2) Ali's alleged conduct occurred while Ali was acting in his capacity as plaintiff's supervising officer at McGuire Air Force Base, (3) the incidents of defamation were in the context of military correspondence and reports, and (4) Ali allegedly interfered with plaintiff's rights under his bonus contract, a military benefit.  (See id. at 1-2.)  See Richards, 176 F.3d at 655 (discussing factors to consider in applying Feres doctrine).  Therefore, plaintiff's alleged injuries arose out of

or in the course of activity incident to plaintiff's military service.  See Matreale, 487 F.3d at 156.[3]

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1), and (2) deny plaintiff's cross motion, in effect, to remand the action to state court.  The Court will issue an appropriate order and judgment.


                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    July 14, 2008

_____

[3] The FTCA requires that "the claimant shall have first presented the claim to the appropriate Federal agency" before any action may be instituted against the United States.  28 U.S.C. § 2675(a).  The Third Circuit, however, "has not adopted a per se exhaustion requirement for military personnel."  Jorden v. Nat'l Guard Bureau, 799 F.2d 99, 102 n.5 (3d Cir. 1986).  Instead, the Court must consider exhaustion in light of "the potential adequacy of that remedy in the particular case."  Id.  Defendant argues that plaintiff's failure to exhaust administrative remedies bars him from bringing an action here.  (Def. Br., at 15-17.) However, because the Court finds that it lacks subject matter jurisdiction here pursuant to (1) 28 U.S.C. § 2680(h), and (2) the Feres doctrine, it need not consider whether plaintiff timely exhausted administrative remedies.  See Tobin v. United States, 170 F.Supp.2d 472, 480 (D.N.J. 2001) (declining to address defendant's argument as to plaintiff's failure to exhaust administrative remedies under FTCA because Feres doctrine applied to bar plaintiff's claim).